UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | 20 C 7162 |
| Applicant, | ) ) | Judge Gary Feinerman |
| vs. | ) ) | |
| CAREBOURN CAPITAL, LP, CAREBOURN PARTNERS, LLC, MORE CAPITAL, LLC, MORE CAPITAL PARTNERS, LP, and BOOSKI CONSULTING, LLC, | ) ) ) ) ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Securities and Exchange Commission ("SEC") filed this application under 15 U.S.C. § 78u(c) to enforce administrative subpoenas against Carebourn Capital, LP, Carebourn Partners, LLC, More Capital, LLC, More Capital Partners, LP, and Booski Consulting, LLC. Docs. 1, 4, 6-1, 6-2, 6-3, 6-4, 6-5. Respondents failed to appear or respond by a court-ordered deadline, Doc. 10, and the SEC moved for default judgment, Doc. 11. Respondents then failed to appear at the January 7, 2021 hearing on the SEC's motion, Doc. 13, and the court entered judgment and ordered Respondents to comply with the subpoenas, Doc. 14. On February 18, the SEC moved for contempt based on Respondents' "woefully incomplete" productions. Doc. 15 at ¶ 4. On February 28, after the court set a hearing on the contempt motion, Doc. 18, Respondents finally appeared and moved to dismiss this action for lack of personal jurisdiction and improper venue, Doc. 19. Respondents' motion is denied.

Although Respondents style their motion under Civil Rule 12(b), it is in fact a motion for relief from the judgment under Rule 60(b)(4). As the Seventh Circuit has explained, "[a]

defendant who believes that a court is without jurisdiction over his or her person has two distinct options." *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 855 (7th Cir. 2011). "First, the defendant can appear in court and immediately object to the court's personal jurisdiction." *Id*. at 855-56. "Second, the defendant can 'ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding' … ." *Id*. at 856 (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982)). Respondents took the second approach, and *Philos* held that such a motion falls under Rule 60(b)(4). *Id*. at 859. Granted, *Philos* was not a subpoena enforcement action, but Rule 81(a)(5) provides that the Civil Rules—including Rule 60(b)—apply to "proceedings to compel testimony or the production of documents through a subpoena issued by a United States … agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings." Fed. R. Civ. P. 81(a)(5); *see United States v. Tenn. Walking Horse Breeders' & Exhibitors' Ass'n*, 727 F. App'x 119, 124 (6th Cir. 2018) ("Rule 81 makes clear that district courts have discretion to apply the federal rules generally to proceedings to enforce administrative subpoenas."). No statute, local rule, or court order providing otherwise, *Philos* is controlling on the procedural question whether Respondents motion is properly brought under Rule 12(b)(2)-(5) or, rather, Rule 60(b)(4).

Respondents argue that there was inadequate service of process and that exercising personal jurisdiction over them in this District would offend due process. Doc. 20 at 8-11. Those arguments may be raised through a Rule 60(b)(4) motion. *See Philos*, 645 F.3d at 855 ("A court has no discretion to deny a Rule 60(b)(4) motion to vacate a judgment entered against a defendant over whom the court lacks personal jurisdiction, regardless of the specific reason such jurisdiction is lacking."). But because Respondents waited until after the entry of judgment to

2

contest jurisdiction, they "bear[] the burden of proving that the court lacked jurisdiction over [their] person[s]." *Id*. at 857. That said, Respondents' jurisdictional arguments fail as a matter of law regardless of which side bears the burden of proof.

First, as to service of process, shortly after filing its application, the SEC moved to allow service by UPS overnight delivery. Doc. 8 at ¶ 8. The SEC's request sought a departure from the strictures of Rule 4(h), which governs service on entity defendants "[u]nless federal law provides otherwise or the defendant's waiver has been filed." Fed. R. Civ. P. 4(h). In making its request, the SEC noted that "[s]ubpoena enforcement proceedings are designed to be summary in nature." *EEOC v. Aerotek, Inc.*, 815 F.3d 328, 333 (7th Cir. 2016); *see* Doc. 8 at ¶ 3. The SEC accordingly asked the court to exercise its power under Rule 81(a)(5) to relax Rule 4(h)'s generally applicable service requirements for purposes of this proceeding. Doc. 8 at ¶ 5. As the pertinent advisory committee note explains, the provision now set forth in Rule 81(a)(5) "allows full recognition of the fact that the rigid application of the [civil] rules in [subpoena enforcement] proceedings … may conflict with the summary determination desired." Fed. R. Civ. P. 81 advisory committee's note to 1946 amendment. Rule 81(a)(5) thus "give[s] district courts discretion in a wide variety of subpoena enforcement proceedings to tailor the Federal Rules to the particular needs and purposes of the proceeding." *United States v. McCoy*, 954 F.2d 1000, 1004 (5th Cir. 1992).

Pursuant to its authority under Rule 81(a)(5), the court entered an order allowing the SEC to effect service on Respondents through UPS overnight delivery and on Respondents' counsel through UPS overnight delivery and email. Doc. 10. The SEC complied with the order, serving the officers of each Respondent entity as well as Respondents' then-counsel, Lee A. Hutton III,

in the prescribed manners.  Docs. 11-1, 11-2.  Hutton acknowledged receipt of the email sent to him.  Doc. 28-1.

Respondents' motion and reply do not cite or discuss Rule 81(a)(5), and therefore fail to address the basis of the court's order allowing for alternative service.  Doc. 20 at 11; Doc. 29 at 1-3.  Any argument assailing that order is thus forfeited.  *See Williams v. Bd. of Educ. of Chicago*, 982 F.3d 495, 511 (7th Cir. 2020) ("[P]erfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.").  Instead, Respondents primarily argue that the SEC failed to comply with the order because it sent the summons to an out-of-date physical address for Hutton.  Doc. 20 at 11; Doc. 25 at ¶ 6.  Even crediting as true Respondents' submission that the SEC used the wrong physical address for Hutton, there is no dispute that the SEC delivered summons to Respondents themselves by UPS and to Hutton by email.  Respondents were adequately served.

Respondents next contend that it would violate due process for this court to exercise personal jurisdiction over them.  Doc. 20 at 8-10.  That contention fails as well.  There are statutory grounds for personal jurisdiction.  Rule 4(k)(1)(C) provides that "[s]erving a summons … establishes personal jurisdiction over a defendant … when authorized by federal statute."  The pertinent federal statute, 15 U.S.C. § 78u(c), provides: "All process in any [subpoena enforcement action] may be served in the judicial district whereof such person is an inhabitant or *wherever he may be found*" (emphasis added).  The Seventh Circuit has interpreted materially identical statutory language to permit nationwide service of process, and hence nationwide personal jurisdiction under Rule 4(k)(1)(C).  Specifically, the Clayton Act authorizes service of process "in the district of which [the defendant] is an inhabitant, or *wherever [the defendant] may be found*," 15 U.S.C. § 22 (emphasis added), and the Seventh Circuit held that this statute

4

"provides for nationwide (indeed, worldwide) service of process and therefore nationwide

personal jurisdiction." *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 724 (7th Cir.

2013) (citing cases). Likewise, and more to the point, the Tenth Circuit held that § 78u(c) allows

for "worldwide service of process." *SEC v. Knowles*, 87 F.3d 413, 417 (10th Cir. 1996). Thus,

personal jurisdiction in this case is directly authorized by federal statute under Rule 4(k)(1)(C),

as opposed to the more common situation where a federal court relies on the law of the state

where it is located under Rule 4(k)(1)(A).

      As for constitutional limits, where, as here, a federal statute authorizes nationwide service

of process, personal jurisdiction "is proper, as long as the defendants have adequate contacts with

the United States as a whole." *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite

Erectors, Inc.*, 212 F.3d 1031, 1035 (7th Cir. 2000); *see also Lisak v. Mercantile Bancorp, Inc.*,

834 F.2d 668, 671 (7th Cir. 1987) ("[T]here is no constitutional obstacle to nationwide service of

process in the federal courts in federal-question cases."); *Fitzsimmons v. Barton*, 589 F.2d 330,

333 (7th Cir. 1979) ("Here the sovereign is the United States, and there can be no question but

that the defendant, a resident citizen of the United States, has sufficient contacts with the United

States to support the fairness of the exercise of jurisdiction over him by a United States court.").

Respondents do not appreciate this point, so their motion focuses on their alleged lack of

contacts with the State of Illinois. Doc. 20 at 8-10. They concede, however, that they are

resident citizens of the United States. *Id*. at 8, ¶¶ 17-20. That is all that due process requires

under the present circumstances.

      Finally, Respondents argue that venue is improper in this District. Doc. 20 at 10-11. It is

doubtful that a belated objection to venue is properly raised through a Rule 60(b)(4) motion, as

improper venue does not affect jurisdiction. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 316

(2006) ("[V]enue and subject-matter jurisdiction are not concepts of the same order. Venue is largely a matter of litigational convenience; accordingly, it is waived if not timely raised.");
*Auto. Fin. Corp. v. Bishay*, 341 F. App'x 203, 204 (7th Cir. 2009) (holding that "claims based on res judicata, improper venue, and discovery abuse" could not be asserted in a Rule 60(b) motion). In any event, venue is proper. "Unlike personal jurisdiction, which has a constitutional dimension, civil venue is a creature of statute … ." *KM Enters.*, 725 F.3d at 724. Here, the governing statute reads: "In case of contumacy by, or refusal to obey a subp[o]ena issued to, any person, the [SEC] may invoke the aid of any court of the United States *within the jurisdiction of which such investigation or proceeding is carried on*, or where such person resides or carries on business … ." 15 U.S.C. § 78u(c) (emphasis added). The SEC's investigation is being "carried on" from its Chicago office. Doc. 6 at ¶ 4. Therefore, venue lies in this District.

That concludes discussion of the arguments that Respondents asserted in their motion. In their reply brief, Respondents press additional arguments for why this action should be dismissed: (1) the subpoenas violate the Fourth Amendment, Doc. 29 at 4; (2) Respondents are not "dealers" under the securities laws, *id*. at 5-7; (3) to hold Respondents liable as "dealers" would violate due process, *id*. at 7-11; and (4) the SEC and the Securities Investor Protection Corporation are unconstitutional under the Appointments Clause, so the pending investigation is unlawful, *id*. at 11-14.

None of these contentions justifies vacating the judgment. First, they are forfeited because Respondents raise them for the first time in a reply brief. *See O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020) ("[W]e have repeatedly recognized that district courts are entitled to treat an argument raised for the first time in a reply brief as waived."); *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court is entitled to find that an argument raised for

the first time in a reply brief is forfeited."). That forfeiture rule applies with equal force to Respondents' constitutional arguments. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (holding that arguments may be forfeited "even where those arguments raise constitutional issues"); *CFTC v. Tokheim*, 153 F.3d 474, 476 n.3 (7th Cir. 1998) (holding that a constitutional challenge to the Commodity Exchange Act in a subpoena enforcement proceeding was forfeited).

Second, Respondents' arguments are not appropriate bases for a Rule 60(b) motion, which, as explained above, is the correct way to understand Respondents' collateral attack on the judgment. *See Philos*, 645 F.3d at 857; *see also Kiselis v. Suizzo*, 491 F. App'x 762, 763 (7th Cir. 2012) ("Because more than thirty days had passed since the judgment, we construe the motion as arising under Federal Rule of Civil Procedure 60(b) … ."). Respondents' attacks on the legitimacy of the SEC's investigation could not render the judgment "void" within the meaning of Rule 60(b)(4). For a judgment to be "void," it must suffer from a "fundamental infirmity," and "[t]he list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). Specifically, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Ibid*. Respondents' challenges are not of that nature, and they accordingly do not fall within the scope of Rule 60(b)(4). *See id*. at 273-75 (holding that an asserted violation of a statutory requirement underlying the judgment could not render the judgment void).

So the only possible basis for relief from the judgment would be the catch-all category in Rule 60(b)(6): "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[R]elief under

Rule 60(b)(6) requires the movant to establish that 'extraordinary circumstances' justify upsetting a final decision." *Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). There are no extraordinary circumstances here that could excuse Respondents' failure to simply appear and present in the usual course whatever arguments they had for challenging the subpoenas.

Third, even if the court looked past forfeiture and found extraordinary circumstances under Rule 60(b)(6), potential defenses in a future enforcement action are not an appropriate basis for opposing an administrative subpoena. *See CFTC v. Monex Deposit Co.*, 824 F.3d 690, 692 (7th Cir. 2016) ("Monex is using its opposition to the subpoena as a means to get a judicial decision on the merits of its statutory argument, before the CFTC makes a substantive decision. That is impermissible. The propriety of an agency's action is reviewed after the final administrative decision."). Instead, "courts enforce an administrative subpoena if it seeks reasonably relevant information, is not too indefinite, and relates to an investigation within the agency's authority." *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995). Respondents' arguments do not undermine any of these criteria, which are easily satisfied. The SEC is investigating whether Respondents operated as unregistered dealers, traded unregistered securities, or committed securities fraud. Doc. 6 at ¶¶ 4, 6. Whether or not Respondents are ultimately liable under these theories, such an investigation is undoubtedly within the SEC's authority. *See* 15 U.S.C. §§ 77e(a), 77q(a), 78j(b), 78o(a). And the subpoenas precisely describe the information that the SEC seeks—information relating to the subject matter of its investigation. Doc. 6-1 at 8-9; Doc. 6-2 at 8-10; Doc. 6-3 at 8-9; Doc. 6-4 at 8-10; Doc. 6-5 at 8-10. Thus, even if Respondents had filed a timely response raising the objections they now assert, the court would still have enforced the subpoenas.

Respondents' motion for relief from the judgment is denied. Even putting aside the SEC's pending motion for contempt, Respondents would be well advised to promptly comply with the subpoenas.

April 20, 2021

_____
United States District Judge